## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**RALPH JONES,**

                Petitioner,

v.                               **Case No:  20-CV-058-JFH-KEW**

**DEBBIE ALDRIDGE, Warden,**

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Respondent's motions to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. Nos. 9, 13] and Petitioner's motion for summary judgment [Dkt. No. 10].  Petitioner, a pro se parolee, filed his petition while incarcerated, challenging the execution of his sentences in Oklahoma County District Court Case Nos. CF-2010-1876, CF-2015-6900, and CF-2016-1845 [Dkt. No. 1 at 2].  He alleged he had essentially completed the sentences and was being unlawfully confined because of the denial of enhanced credits.

**"In Custody" Requirement**

As an initial matter, Respondent has filed a second motion to dismiss the petition as moot, because Petitioner has been discharged and is no longer in custody [Dkt. No. 13].  According to Petitioner's May 22, 2020, Certificate of Release, he is under a term of supervision for Case Nos. CF-2010-1876, CF-2015-6900 and CF-2016-1845 until May 11, 2021.

"[I]t is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "The term 'custody,' however, is not limited solely to physical confinement. For example, individuals on parole, probation, or bail may be in custody for purposes of sections 2241 and 2254." *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989) (citations omitted). *See Rutherford v. Denver Dist. Ct.*, 163 F. App'x 736, 737 n.1 (10th Cir. 2006) ("Although [Petitioner] has been released from prison, his status as a parolee is sufficient to render him 'in custody' for purposes of 28 U.S.C. § 2254.") (citing *Jones v. Cunningham*, 371 U.S. 236, 238-43 (1963)). Because Petitioner remains "in custody" as a parolee, Respondent's motion to dismiss this action as moot [Dkt. No. 13] is **DENIED**.

**Exhaustion of Administrative and Judicial Remedies**

Respondent alleges in her original motion to dismiss that Petitioner has failed to exhaust his state administrative and judicial remedies [Dkt. No. 9]. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). Before bringing a habeas claim alleging he has discharged his sentence, a petitioner first must exhaust both administrative remedies as provided by the Oklahoma Department of Corrections and state judicial remedies. *Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981)).

Petitioner acknowledges that he has not exhausted his administrative and state-court remedies; however, he claims he vigorously attempted to exhaust the remedies to no avail [Dkt.

No. 1 at 4]. He contends the remedies are not available to him, because his attempts to exhaust those remedies have been ignored or thwarted [Dkt. No. 1 at 4-9].

A prisoner must exhaust all available administrative remedies "as a prerequisite to filing a federal habeas petition" pursuant to § 2241. *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir.2010). Nonetheless, "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Id*. at 1203. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

Respondent has submitted an affidavit by Mark Knutson, Manager of the DOC Administrative Review Authority ("ARA") [Dkt. No. 9-1]. According to Mr. Knutson, the DOC grievance policy provides for an informal process and a two-stage formal process. The formal process involves the reviewing authority, followed by an appeal to the ARA. If an inmate wants to file a grievance or appeal out of time, the process allows an opportunity to seek permission to file out of time. If an inmate does not receive a response to a grievance within 30, but no later than 60, calendar days of submission, he may file a grievance to the ARA, asserting only the issue of the lack of a response from the reviewing authority. The grievance process further provides that a grievance or appeal that contains any errors in the filing process will be returned unanswered with notification to the inmate to correct the errors within ten days of receipt of the notice. If the inmate fails to correct the errors and properly resubmit, the grievance or appeal will not be answered, and the inmate will have waived/forfeited the opportunity to proceed in the process.

After reviewing Petitioner's ARA records, Mr. Knutson determined that the ARA did not

receive a grievance appeal from Petitioner concerning the administration of his sentence or his eligibility for enhanced credits. In response to a letter from Petitioner, the ARA notified Petitioner of this deficiency on August 29, 2019. Because Petitioner has not shown he was prevented from filing a proper grievance appeal, the Court finds he has not exhausted his administrative remedies with the ARA.

With respect to Petitioner's judicial remedies, an Oklahoma prisoner may file an application for a writ of mandamus to remedy an alleged miscalculation of earned credits. *See* Okla. Stat. tit. 12, § 1451; *see also Smith v. Scott*, 223 F.3d 1191, 1193 n.1 (10th Cir. 2000) (explaining that Oklahoma inmate exhausted state court remedies for challenge to earned credits when he filed a writ of mandamus in state court). The petitioner may appeal the denial of mandamus to the state appellate court. *See* Rule 10.1, *Rules of the Oklahoma Court of Criminal Appeals* (providing that the Oklahoma Court of Criminal Appeals may review applications for extraordinary writs including writs of mandamus, prohibition, and habeas corpus if the applicant has been denied relief in the state district court).

Petitioner asserts he filed an application for post-conviction relief in the sentencing court, which was dismissed for improper venue and as the wrong vehicle to obtain the relief sought. *See Jones v. State*, Nos. CF-2010-1876, CF-2015-6900, CF-2016-1845 (Okla. County Dist. Ct. Oct. 28, 2019 [Dkt. No. 1 at 7; Dkt. No. 1-1 at 20-21]. On Oct. 9. 2019, he submitted an application for a writ of habeas corpus to the Okfuskee County District Court for Case Nos. CF-2010-1876, CF-2015-6900, CF-2016-1845 [Dkt. No. 1 at 7; Dkt. No. 1-1 at 22]. The habeas application allegedly was returned unfiled with a notation that the cases in the caption were not from Okfuskee County [Dkt. No. 1 at 7].

Petitioner asserts that on October 29, 2019 he resubmitted his application to the Okfuskee

4

County District Court, requesting that it be filed and forwarded to the district attorney and district judge [Dkt. No. 1 at 7; Dkt. No. 1-1 at 33]. The motion was not filed as requested, and Petitioner was not informed of any action by the state district court. On December 12, 2019, Petitioner sent a letter to the Okfuskee County Court Clerk, inquiring why she had failed to file his motion. [Dkt. No. 1 at 7; Dkt. No. 1-1 at 34]. Petitioner apparently received no response. Petitioner makes no allegations that he subsequently sought relief from the Oklahoma Court of Criminal Appeals.

Finally, on November 26, 2019, Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various DOC officials, challenging the execution of his sentences. *Jones v. Okla. Department of Corr.*, No. CIV 19-404-J.P.-KEW (E.D. Okla. Feb. 24, 2020). Because Petitioner could not seek compensatory damages before his convictions or sentences were declared invalid, the action was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) [Dkt. No. 1-1 at 38-40].

After careful review, the Court finds Petitioner has failed to exhaust the administrative and judicial remedies for his claims, and Respondent's motion to dismiss [Dkt. No. 9] should be **GRANTED**.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000). Therefore, a certificate of Appeal ability cannot be issued.

THEREFORE, Respondent's motion to dismiss Petitioner's unexhausted petition for a writ

of habeas corpus [Dkt. No. 9] is **GRANTED**.  Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as moot [Dkt. No. 13] is **DENIED**, and Petitioner's motion for summary judgment [Dkt. No. 10] is **DENIED AS MOOT**.

 **IT IS SO ORDERED** this 24th day of February 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE